**OWENS GENERATOR COMPANY, Inc., a defunct New Jersey corporation, et al., Appellants,**

**v.**

**H. J. HEINZ COMPANY, a Pennsylvania corporation, Appellee.**

**No. 17511.**

United States Court of Appeals
Ninth Circuit.

Jan. 23, 1963.

Rehearing Denied Feb. 21, 1963.

Carl Hoppe and James F. Mitchell, Jr., San Francisco, Cal., for appellants.

Brobeck, Phleger & Harrison, Moses Lasky and Richard Haas, San Francisco, Cal., for appellee.

Before MERRILL and BROWNING, Circuit Judges, and TAYLOR, District Judge.

PER CURIAM.

We agree with the district court that the Generator Company's rights of license or ownership of the patents as against Owens had terminated pursuant to the terms of the agreement creating those rights and that Owens was the sole owner of the patents at the time of his settlement with Heinz.

■ We are not impressed with the contentions of appellants that notwithstanding the terms of the agreement the judgment of the California Superior Court constituted res judicata of this issue in their favor. The rights of Owens and of the corporation as against each other were not in issue there. The issue was whether the agreements secured from those parties by Heinz were valid. Consequently, that judgment did not by virtue of law create license or ownership rights in the corporation greater in extent than the rights created by its agreement with Owens.

Since the corporation's interest in the patents had terminated prior to issuance of the injunction, we can find no interest on the part of the corporation in the protection of the patent rights, which was the chief protective function of the injunction. Any interest the corporation may have had in the injunction would seem to us to attach only to that decree's declaration that the parties (including the corporation) were not bound to Heinz by any agreement granting rights to build generators.

It was therefore proper for Heinz to deal directly and solely with Owens with reference to the subject matter of its agreement of settlement.

■ If upon equitable grounds the corporation had rights against Owens to share in Owens' settlement with Heinz, there is no evidence that Heinz had notice of such matters and appellant's remedy is against Owens.

Judgment affirmed.